IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § § | |
| | § | BANKRUPTCY NO. 07-38742 |
| | § | |
| Debtor. | § § | |
| | § | CHAPTER 7 |
| | § | |

| | | |
|---|---|---|
| CADLEWAY PROPERTIES, INC. | § | ADVERSARY NO. 0 |
| | § | |
| V. | § | |
| | § | |
| JOHN PATRICK BOYLAN | § | |

**CADLEWAY PROPERTIES, INC.'S COMPLAINT OBJECTING
TO THE DISCHARGE OF DEBTOR JOHN PATRICK BOYLAN**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Cadleway Properties, Inc. files this Complaint Objecting to the Discharge of Debtor John Patrick Boylan, as follows:

**Parties**

1. Plaintiff, Cadleway Properties, Inc., is a Texas Corporation that is a judgment creditor of the Debtor.

2. Defendant/Debtor, John Patrick Boylan, is an individual residing in Harris County, Texas, who has appeared in this case.

**Venue and Jurisdiction**

3. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334.

4. Venue is proceeding pursuant 28 U.S.C. §§ 1408 and 1409.

1

5. This a core proceeding pursuant to 28 U.S.C. § 157(b).

**Background**

6. Cadleway Properties, Inc. ("Cadleway") is a judgment creditor of Defendant/Debtor John Patrick Boylan ("Boylan"). On or about December 9, 2004, Cadleway was granted judgment against Boylan and others, including Five Star Transportation L.P. (the "Judgment"). The Judgment is based on a promissory note, a security agreement and personal guarantees whereby Five Start Transportation L.P. ("Five Star") established a line of credit for $1,250.000.00 with Merrill Lynch Business Financial Services, Inc. ("Merrill Lynch"), Cadleway's predicessor-in-interest. Boylan was, at this time, the Managing Partner of Five Star, personally guaranteed the promissory note, and owns approximately 28% of the partnership and its affiliates. Boylan's position as Managing Partner of Five Star placed him in the position of being a fiduciary to his partners and the partnership as an entity. Under Boylan's direction the full $1,250,000 was borrowed and has never been repaid. The promissory note and security agreement granted Merrill Lynch and, subsequently its successor, Cadleway, a lien and encumbrance on all assets of Five Star, including any money and receivables.

7. Boylan has testified he took at least $140,000 of the funds of Five Star for his own use, categorizing the takings as "loans". Other individual partners of Five Star have testified that the amount taken by Boylan was in excess of $500,000 and that this money was taken without the other partner's permission, was essentially theft or embezzlement, and was taken without their knowledge or consent. Further, an independent accountant, hired by Boylan, has testified that he or his assistant discovered Boylan's taking of these funds and reported it to the other partners and that this directly led to Boylan's removal as Managing Partner of Five Star. Boylan has testified he used these funds for his personal benefit. Further, the taking of this money directly contributed to Five Star and its affiliates ceasing operations and defaulting on their various financial obligations.

8.      On or about December 21, 2007, Boylan filed his petition seeking relief under Chapter 7 of the United States Bankruptcy Code. Cadleway brings this Adversary Proceeding requesting that the Court deny discharge to Boylan of the debt created by the Judgment due to Boylan's misappropriation of some of the funds borrowed by Five Star and for the filing schedules containing false information.

## Claims for Relief

8.      Cadleway requests that Court deny discharge to Boylan for the debt created by the Judgment pursuant to 11 U.S.C. § 523(a)(4) because the Boylan, misappropriated funds belonging to Five Star for his personal use. Specifically, Cadleway alleges that Boylan, a fiduciary, converted somewhere between $140,000 and approximately $540,000 to his personal use with out the consent or knowledge of the partnership.

9.      Cadleway further requests that the Court deny discharge to Boylan for the debt created by the Judgment pursuant to 11 U.S.C. § 523(a)(2)(A) because Boylan, a fiduciary, personally benefitted from the taking of the money involved and that he obtained the funds through deception. Specifically, Cadleway alleges that Boylan converted somewhere between $140,000 and approximately $540,000 to his personal use with out the consent or knowledge of the partnership.

10.      Cadleway requests that the Court deny discharge to Boylan pursuant to 11 U.S.C. Section 727(a)(4)(A), because Boylan knowingly and fraudulently, in or in connection with the case, made false oath or account. Specifically, Cadleway alleges that Boylan failed to disclose in his bankruptcy schedules the Settlement Agreement and Mutual Release entered into by and between Boylan and Sojourn Partners, LLC. Further, contrary to the information contained in Boylan's schedules, Boylan has made numerous payments pursuant to this undisclosed agreement significantly reducing the debt owed.

11. Cadleway requests that the Court deny discharge to Boylan pursuant to 11 U.S.C. Section 727(a)(4)(A), because Boylan knowingly and fraudulently, in or in connection with the case, made false oath or account. Specifically, Cadleway alleges that Boylan failed to disclose in his bankruptcy schedules that the amounts allegedly owed to Xxtreme Pipe Services, L.P. are personal guarantees on notes that were in default in 2003. No suit has been filed on these notes and the four (4) year statute of limitations has expired rendering these notes unenforceable.

12. Cadleway requests that the Court deny discharge to Boylan pursuant to 11 U.S.C. Section 727(a)(4)(A), because Boylan knowingly and fraudulently, in or in connection with the case, made false oath or account. Specifically, Cadleway alleges that Boylan failed to disclose in his bankruptcy schedules that the amounts allegedly owed to William T. Winston is a debt created when he misappropriated the money from Five Star, and are the same funds. Boylan has testified that he attempted to "transfer" this "debt" from Five Star to William T. Winston personally. Boylan's rationalization for this action is unclear. What is clear is that this is not a separate obligation, and is further proof of Boylan's attempts to hide his misappropriation of funds from Five Star.

WHEREFORE, Plaintiff, Cadleway Properties, Inc., requests that the Court deny Debtor/Defendant, John Patrick Boylan, discharge, and for such other and further relief to which it may show justly entitled.

Respectfully submitted,

/s/ Mark A. Kerstein
Mark A. Kerstein
Federal Bar No. 23036
Texas Bar No. 24007477

COUNSEL FOR CADLEWAY PROPERTIES, INC.

OF COUNSEL:

THE LAW OFFICE OF MARK A. KERSTEIN
9801 Westheimer, Suite 302
Houston, Texas 77042
(713) 917-6890
(713) 917-6891 (Fax)

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Cadleway Properties, Inc.'S Complaint Objecting to the Discharge of Debtor John Patrick Boylan was forwarded to the following counsel of record by the Court's ECF filing system or first class mail on March 31, 2008.

John Patrick Boylan
10220 Memorial Drive, No 75
Houston, Texas 77024
*Judgment Debtor*

Reese W. Baker
Baker & Associates LLP
5151 Katy Freeway, Ste 200
Houston, Texas 77007
*Counsel for Debtor*

Ronald J. Sommers
Nathan Sommers Jacobs + Gorman
2800 Post Oak Blvd. Ste 6100
Houston, Texas 77056
*Bankruptcy Trustee*

/s/ Mark A. Kerstein
Mark A. Kerstein