IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| JOHN PATRICK BOYLAN | § | CASE NO. 07-38742-H3-7 |
| Debtor | § | Chapter 7 |
| | § | |

**JOINT MOTION FOR APPROVAL OF COMPROMISE OF CONTROVERSY AND DISMISSAL WITH PREJUDICE OF THE ADVERSARY ACTION**

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN TWENTY (20) DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING. REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

TO THE HONORABLE LETITIA Z. CLARK, UNITED STATES BANKRUPTCY JUDGE:

COME NOW, Debtor John Patrick Boylan ("Mr. Boylan") and Creditor Cadleway Properties, Inc. ("Cadleway") and jointly move this Court for an Order approving the compromise of controversy under Bankruptcy Rule 9019 and dismissing with prejudice the Adversary Proceeding No. 08-3104 on the following grounds and subject to the following terms and conditions and would show the court as follows:

1. On December 9, 2004, Cadleway was granted a judgment in the Texas state court against Mr. Boylan and others (the "Judgment") relating to a line of credit that Mr. Boylan had personally guaranteed to Cadleway's predecessor in interest.

2. On or about December 21, 2007, Mr. Boylan filed a petition seeking relief under Chapter 7 of the United States Bankruptcy Code.

3. Cadleway filed Adversary Proceeding No. 08-3104, in which Cadleway requested

-1-

that Mr. Boylan's discharge be denied altogether under 11 U.S.C. § 727(a)(4)(a) and to the extent Mr. Boylan is granted a discharge of debts, that Mr. Boylan's Judgment debt to Cadleway be excepted from discharge under 11 U.S.C. §§ 523(a)(2)(a) and 523(a)(4). Upon the completion of discovery and the examination of the evidence presented in connection with Mr. Boylan's motion for summary judgment, Cadleway has now decided not to move forward with the Litigation.

4. Mr. Boylan and Cadleway agree that the litigation shall be dismissed with prejudice and that all claims held by either party, including claims concerning or arising from the litigation against the other party and/or his or its agents shall be released and waived under a separate waiver and release document.

5. Bankruptcy Rule 9019(a) provides, in relevant part, that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a). Bankruptcy Rule 9019(a) empowers a bankruptcy court to approve compromises and settlements if they are "fair and equitable and in the best interest of the estate." *In re Cajun Electric Power Cooperative. Inc.*, 119 F.3d 349, 355 (5th Cir. 1997) (quoting *In re Foster Mortgage Corp.,* 688 F.3d 914, 917 (5th Cir. 1995) (citation omitted)); see also *In re Zale Corp.,* 62 F.3d 746, 754 (5th Cir. 1995) (stating that "the 'fair and equitable' determination does not give the bankruptcy court jurisdiction over settlement conditions that do not bear on the court's duties to preserve the estate and protect creditors.").

6. A decision to accept or reject a compromise or settlement is within the sound discretion of the Court. See 9 COLLIER ON BANKRUPTCY ¶ 9019.02 (15th ed. Rev. 2001). "Compromises are favored in bankruptcy" because they minimize the costs of litigation and further the parties' interest in expediting administration of a bankruptcy estate. *In re Martin*, 91 F.3d 389, 393 (3d Cir. 1996) (quoting 9 COLLIER ON BANKRUPTCY ¶ 9019.03{1] (15th ed. Rev. 1993)).

7. Furthermore, the settlement need not result in the best possible outcome for the debtor, but must not "fall beneath the lowest point in the range of reasonableness." *In re Drexel Burnham Lambert Group, Inc.*, 134 B.R. 499, 505 (Bankr. S.D.N.Y. 1991) (quoting *In re W.T. Grant Co.,* 699 F.2d 599, 608 (2nd Cir. 1983)). Basic to the process of evaluating proposed settlements, then, "is the need to compare the terms of the compromise with the likely rewards of

litigation." *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 425 (1968).

8. To determine whether a settlement is fair and equitable, this Court should consider and evaluate the following factors: (i) the probability of success in the litigation, with due consideration for uncertainty in fact and law; (ii) the complexity and likely duration of the litigation and any attendant expense, inconvenience and delay, and (iii) all other factors bearing on the wisdom of the compromise. *Cajun Electric*, 119 F.3d at 356 (citations omitted).

9. The settlement in this case involves the dismissal with prejudice of the adversary proceeding with no consideration being paid to either party with each party to bear its own attorneys' fees and costs. Approval of the settlement of the Section 727 claim eliminates the bar to the discharge and allows the administration of the estate to proceed. Approval of the settlement of the Section 523 claim in this case does not affect the estate. See, *In re Hass*, 273 Bankr. 45 (Bankr. S.D. N.Y. 2002)(Trustee's objection to settlement of 727 and 523 claims overruled).

10. WHEREFORE, PREMISES CONSIDERED, it is respectfully requested that the Bankruptcy Court grant the JOINT MOTION FOR APPROVAL OF COMPROMISE OF CONTROVERSY AND DISMISSAL WITH PREJUDICE OF THE ADVERSARY ACTION and for other and further relief as the Court deems just and proper.

Respectfully submitted,

*/s/ Mark A. Kerstein*
Mark A. Kerstein, Texas Bar No. 24007477
The Law Office of Mark A. Kerstein
9801 Westheimer, Suite 302
Houston, Texas 77042
(713) 917-6890; Fax (713) 917-6891
Attorneys for Plaintiff Cadelway Properties, Inc.

*/s/ Richard D. Brady*
Richard D. Brady, SBN 24035177
BAKER & ASSOCIATES, L.L.P.
5151 Katy Freeway, Suite 200
Houston, Texas 77007
713-869-9200; Fax 713-869-9100
Attorneys for Defendant John Patrick Boylan

## CERTIFICATE OF SERVICE

    I am informed and believe that by the filing of this document with the Bankruptcy Court, a copy of the JOINT MOTION FOR APPROVAL OF COMPROMISE OF CONTROVERSY AND DISMISSAL WITH PREJUDICE OF THE ADVERSARY ACTION shall be delivered electronically on **March 13, 2009** to all entities receiving notice electronically from the Bankruptcy Court.

                          */s/ Richard D. Brady*
                          Richard D. Brady

## VERIFICATION OF TRANSMITTAL TO CHAPTER 7 TRUSTEE

    The undersigned attorney, under penalty of perjury, hereby certifies that he is informed and believe that by the filing of this document with the Bankruptcy Court, a copy of the JOINT MOTION FOR APPROVAL OF COMPROMISE OF CONTROVERSY AND DISMISSAL WITH PREJUDICE OF THE ADVERSARY ACTION shall be delivered electronically on **March 13, 2009** to the Chapter 7 trustee.

                          */s/ Richard D. Brady*
                          Richard D. Brady